UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KENNETH KING,                    )
                                 )
            Plaintiff,           )
                                 )
v.                               )      No.:   3:10-CV-420
                                 )             (VARLAN/GUYTON)
ANDERSON COUNTY, TENNESSEE,      )
                                 )
            Defendants.          )
                                 )

## MEMORANDUM OPINION

This civil action is before the Court on plaintiff Kenneth King's Motion to Remand [Doc. 6] in which plaintiff moves the Court to remand to the Circuit Court for Anderson County, Tennessee, all claims in this case arising under the Tennessee Governmental Tort Liability Act (the "GTLA"), T.C.A. §§ 29-20-101, *et seq.* Defendants have responded in opposition [Doc. 8]. Plaintiff has not filed a reply and the time for doing so has passed. *See* E.D. TN. L.R. 7.1(a), 7.2. For the reasons set forth herein, plaintiff's motion to remand will be **GRANTED** and, to the extent plaintiff has alleged claims arising under the GTLA, such claims will be remanded to state court.

## I.    Relevant Background

Plaintiff initiated this action in the Circuit Court for Anderson County around August 31, 2010 [*see* Doc. 1-1, pp. 5-7]. In the complaint, plaintiff alleges that defendants acted with negligence and/or a deliberate indifference to a substantial risk of serious harm to

plaintiff and in violation of plaintiff's Eighth and Fourteenth Amendment rights under the United States Constitution and 42 U.S.C. § 1983 (" § 1983") [*Id.*, ¶ 9]. Plaintiff also alleges that defendants' conduct and "polices, procedures and/or customs" constituted the "proximate cause of the Plaintiff's injuries." [*Id.*, ¶¶ 10, 11]. The complaint does not contain a specific reference or citation to the GTLA. Defendants filed a notice of removal to federal court on September 30, 2010, asserting that this Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1443 and that removal is appropriate pursuant to 28 U.S.C. §§ 1441, 1443, and 1446 [Doc. 1]. The notice of removal makes no reference to the GTLA but notes that plaintiff has brought claims under § 1983.

On October 21, 2010, plaintiff filed the instant motion to remand asserting that, in addition to plaintiff's § 1983 claims, plaintiff's complaint includes claims for negligence arising under Tennessee state law, specifically, the GTLA [*see* Doc. 1-1, ¶¶ 9, 10, 11]. Plaintiff argues that the notice of removal fails to provide notice that plaintiff's GTLA claims are being removed to federal court and also fails to assert this Court's supplemental jurisdiction over plaintiff's GTLA claims. Accordingly, plaintiff seeks remand on grounds that defendants have failed to properly remove such claims. Alternatively, plaintiff asserts that if the Court finds that the notice of removal properly effectuated removal of plaintiff's GTLA claims, these claims should nevertheless be remanded given the Tennessee legislature's clear preference that claims under the GTLA should be handled by Tennessee state courts.

## II.    Analysis

### A.    28 U.S.C. § 1441 – Actions Removable Generally

In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a); *see also Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) ("The burden of showing that the district court has original jurisdiction is on the party seeking removal."). Section 1441(b) provides for the removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or law of the United States[.]"  Section 1441(c) provides that:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

Plaintiff is correct that defendants did not specifically reference plaintiff's GTLA claims in the notice of removal.[1]  The Court, however, finds no requirement in the removal statutes requiring that each of a plaintiff's claims be specifically noted in a notice of removal, as long as the notice states proper grounds for the removal.  *See* 28 U.S.C. § 1446(a) (requiring a defendant to file a notice of removal "containing a short and plain statement of

---

[1] The complaint does not contain a reference or citation to the GTLA.  Both parties, however, have construed plaintiff's negligence allegations as possibly stating claims arising under the GTLA [*see* Doc. 1-1, ¶¶ 9, 10, 11; Doc. 8-1, p. 2].

the grounds for removal"). Defendants removed this case on grounds that plaintiff has alleged claims under § 1983 for violations of plaintiff's rights arising under the United States Constitution [*see* Doc. 1, p. 1]. This Court has original jurisdiction over claims under § 1983 in light of the general federal question jurisdiction conferred by 28 U.S.C. § 1331. Accordingly, upon the Court's review of the requirements of 28 U.S.C. § 1441(b) and (c), the Court finds that defendants' removal of this case is proper and the Court disagrees with plaintiff's request for remand of plaintiff's GTLA claims on grounds of improper removal.

### B. Plaintiff's GTLA Claims

The state of Tennessee and government entities within the state are immune from actions brought against the state by its own citizens. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 US. 274, 280 (1977); *see also Dixon v. Clem.*, 492 F.3d 665, 673-74 (6th Cir. 2007). The GTLA, however, waives select portions of the absolute immunity enjoyed by government entities. *See* T.C.A. § 29-20-201. If the GTLA waives immunity for a government entity in regard to a certain type of claim, its employees are absolutely immune from suit in their individual capacities as to that claim. *Id.* at § 29-20-310(b). The GTLA specifically provides that "[i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment" except if the injury arises out of certain excluded areas. *Id.* at § 29-20-205 (giving excluded areas). Where sovereign immunity is waived and a government entity can be held liable, the GTLA gives state circuit courts "exclusive original jurisdiction[,]" *id.* § 29-20-307, and it is appropriate for federal district courts to decline to exercise

supplemental jurisdiction over those claims. *See Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).

Although defendants' notice of removal does not specify the basis for removing plaintiff's GTLA claims, the Court assumes that defendants sought to remove those claims based on the Court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a). Congress granted federal courts the authority to hear "all other claims that are so related to claims in [an] action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court's exercise of supplemental jurisdiction, however, is discretionary and a court may decline supplemental jurisdiction over a state law claim even if jurisdiction would otherwise be proper under 28 U.S.C. § 1367(a). Section 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> . . . .
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Plaintiff asserts that supplemental jurisdiction over plaintiff's GTLA claims is inappropriate because of the GTLA's stated preference that all claims under it should be filed in Tennessee's circuit courts. *See* T.C.A. § 29-20-307 ("The circuit courts shall have

exclusive jurisdiction over any action brought" under the GTLA).  Plaintiff argues that this statutory preference constitutes an "exceptional circumstance" and the Court should decline to exercise supplemental jurisdiction.  Defendants respond that the Court should exercise the supplemental jurisdiction conferred by 28 U.S.C. § 1367(a) because it would be inefficient to try this case in two separate forums.  Defendants also assert that any decision regarding remand of plaintiff's state law claims is premature because in the event plaintiff's federal claims are abandoned or dismissed, voluntarily or otherwise, the remand of plaintiff's state law claims may be addressed at that time.

The parties seem to agree that plaintiff's allegations that defendants' negligence was the "proximate cause of the Plaintiff's injuries" may be claims arising under the GTLA [Doc. 1-1, ¶¶ 9, 10, 11].  Plaintiff's § 1983 claims would ordinarily confer supplemental jurisdiction over such GTLA claims because the claims arise out of the same facts and form part of the same case or controversy.  *See* 28 U.S.C. § 1367(a).  Claims brought pursuant to the GTLA, however, must be brought in "strict compliance" with the terms of the statute.  T.C.A. § 29-20-201(c).  In *Gregory v. Shelby County, Tenn.*, the United States Court of Appeals for the Sixth Circuit affirmed the district court's dismissal of plaintiff's GTLA claims, stating:

> [I]n this instance, the Tennessee legislature expressed a clear preference that [GTLA] claims be handled by its own state courts.  This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction.

*Gregory*, 220 F.3d at 446.

Although defendants argue that plaintiff's request to remand is premature and that this Court should retain supplemental jurisdiction over plaintiff's GTLA claims for purposes of judicial economy, the Court notes that the GTLA expressly reserved "exclusive original jurisdiction" to Tennessee courts, *see* T.C.A. § 29-20-307, and the Sixth Circuit has recognized that this exclusive original jurisdiction is an "exceptional circumstance" for declining jurisdiction. *Gregory*, 220 F.3d at 446. Accordingly, and due to the exclusive jurisdictional provision of the GTLA and in light of the Sixth Circuit's statement in *Gregory*, the Court will grant plaintiff's motion to remand. Plaintiff's claims, to the extent such claims arise under the GTLA, will be remanded to the Circuit Court for Anderson County, Tennessee, from which this case was originally removed. Plaintiff's claims brought under federal law shall remain in this Court.

## III.   Conclusion

For the reasons stated herein, plaintiff's Motion to Remand [Doc. 6] will be **GRANTED** and, to the extent plaintiff has alleged claims under the GTLA, such state law claims will be **REMANDED** to the Circuit Court for Anderson County, Tennessee. Plaintiff's claims brought under federal law shall remain in this Court. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE